JS 44 Reverse (Rev. 03/24)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: **federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN
AND FOR LEE COUNTY, FLORIDA

CIVIL DIVISION

Case No.:

2:25-CV-930-KCD-DNF

SOFIA L GONZALEZ,
Plaintiff,

v.

FORT MYERS M AUTOMOTIVE MANAGEMENT, LLC d/b/a MAZDA OF FORT MYERS;
MAZDA FINANCIAL SERVICES;
TOYOTA MOTOR CREDIT CORPORATION; and
ABS RECOVERY SERVICE INCORPORATED,

Defendants.
_____/

## COMPLAINT AND EMERGENCY MOTION FOR TEMPORARY INJUNCTION

Plaintiff, **SOFIA L GONZALEZ** ("Plaintiff"), proceeding pro se, brings this action against the above-named Defendants and alleges as follows:

### I. JURISDICTION AND VENUE

1. This is an action for damages and injunctive relief exceeding $30,000 but less than $100,000, exclusive of interest, fees, and costs.
2. Venue is proper in **Lee County, Florida** pursuant to Fla. Stat. §47.011 because the cause of action accrued in this county and the subject property was located here.
3. Plaintiff resides in **Lehigh Acres, Florida**.
4. Defendants conduct business in Florida and are subject to the jurisdiction of this Court.

### II. PARTIES

5. Plaintiff, **Sofia L Gonzalez**, is a natural person and consumer under Florida and federal consumer protection laws.
6. Defendant **Fort Myers M Automotive Management, LLC d/b/a Mazda of Fort Myers** ("Dealer") is a Florida business engaged in automobile sales and financing.
7. Defendant **Mazda Financial Services** ("Mazda Financial") is the trade name for the retail financing division whose accounts are serviced or owned by **Toyota Motor Credit Corporation (TMCC)**.

8. Defendant **Toyota Motor Credit Corporation (TMCC)** is a California corporation licensed to do business in Florida and the servicer or alleged owner of Plaintiff's retail installment contract.
9. Defendant **ABS Recovery Incorporated,** telephone number **(239) 690-4120**, whose physical storage location remains undisclosed to date, is a Florida-based repossession company engaged in vehicle recovery and storage operations. Upon information and belief, ABS Recovery Inc. acted as an authorized agent and/or contractor for **Mazda Financial Services** and/or **Toyota Motor Credit Corporation** in conducting the repossession of Plaintiff's **2024 Mazda Mazda3 2.5** on or about **September 18, 2025**.

## III. STANDING AND FACTUAL BACKGROUND

10. Plaintiff purchased **2024 Mazda Mazda3 Sedan**, VIN **3MZBPACM0RM416131**, under a retail installment contract with Defendant Fort Myers Mazda on or about June 2024.
11. The alleged loan amount was **$40,507.99**, which Defendants claim was disbursed on Plaintiff's behalf.
12. Upon information and belief, Defendants have **failed to produce proof of any actual disbursement of funds** under GAAP ASC 310, ASC 860, and ASC 942, nor have they shown a valid chain of assignment or proof of standing to enforce the alleged debt.
13. On **September 18, 2025**, ABS Recovery Inc., acting under the purported authority of Mazda Financial and/or TMCC, **entered Plaintiff's private property without consent** and repossessed the vehicle.
14. Plaintiff **did not authorize** entry or seizure of her property and **was not provided notice** of default, right to cure, or intent to repossess as required under **UCC §§9-611, 9-613, and 9-614**, and **Fla. Stat. §679.609**.
15. During the repossession, Defendants **refused to disclose the location** of Plaintiff's vehicle or allow retrieval of personal belongings unless she paid the full alleged default balance — a violation of **Fla. Stat. §493.6404(2)**.
16. Plaintiff offered to tender **$1,800** and requested a reasonable payment plan pending validation of debt and discovery of proof of claim. Defendants **refused** the offer and continued to threaten sale.
17. Plaintiff previously issued multiple written demands for documentation and lawful proof of claim that went unanswered on **September 23, 2025**, via certified mail tracking # 70211970000181867453, 70211970000181867446, and **October 9, 2025**, certified mail 70211970000181867286, 70211970000181867262, 70211970000181867309 and 70211970000181867293 to Mazda Financial Services and American Recovery Service, Inc., based on the information then available regarding the repossessing entity. Plaintiff has since learned that the physical repossession was conducted by **ABS Recovery Incorporated**. The sale of Plaintiff's vehicle is currently scheduled for **October 15, 2025**, without proper legal authority or compliance with statutory notice requirements.

## IV. SECURITIZAION AND STANDING CONCERNS

18. Upon information and belief, Defendant **Toyota Motor Credit Corporation ("TMCC")**, acting as sponsor, administrator, and servicer, routinely pools retail installment contracts and sells or transfers beneficial interests through securitization

vehicles such as the **Toyota Auto Receivables Owner Trust** programs, including but not limited to **Toyota Auto Receivables 2019-A Owner Trust (IRS EIN 95-3775816)** and similar trusts reported in SEC filings. Plaintiff has reason to believe that her retail installment contract may have been sold, assigned, or otherwise transferred into one or more such trusts, which would affect TMCC's standing to enforce or collect upon the alleged debt.

19. Plaintiff therefore demands full accounting, certification, and disclosure of any and all assignments, transfers, or securitizations related to her retail installment contract, including SEC registration statements, pooling and servicing agreements, or other trust documentation evidencing ownership or servicing rights.

## V. ARBITRATION PROVISION WAIVER AND CONTRACT INVALIDITY

20. Defendants may attempt to invoke the Arbitration Provision contained in the Retail Installment Contract executed in connection with the purchase of Plaintiff's 2024 Mazda Mazda3 2.5, VIN 3MZBPACM0RM416131.
21. Plaintiff affirmatively asserts that the Arbitration Provision is **unenforceable** and **void ab initio** because the entire contract is **fraudulent upon its face** and executed without full disclosure or lawful consideration, in violation of **15 U.S.C. § 1601 et seq. (Truth in Lending Act), U.C.C. § 9-203(b), and Florida common law of contracts**.
22. Further, even if the Arbitration Provision were otherwise enforceable, Defendants **waived and are estopped from invoking arbitration** by electing self-help repossession and other judicial-type remedies before initiating or demanding arbitration, in direct violation of their own clause.
23. Under **Florida law**, a party that "acts inconsistently with the right to arbitrate," including resorting to self-help or litigation, **waives its right to compel arbitration**. *See* **Raymond James Fin. Servs., Inc. v. Saldukas, 896 So. 2d 707 (Fla. 2005); Baptist Hosp. of Miami, Inc. v. Medicus Healthcare Sols., LLC, 312 So. 3d 223 (Fla. 3d DCA 2021).**
24. By repossessing the vehicle without prior arbitration, issuing default demands, and refusing to provide discovery or accounting required under U.C.C. §§ 9-611 through 9-614, Defendants materially breached the contract and forfeited any contractual right to arbitration.
25. Plaintiff expressly **refuses and objects to any motion, petition, or demand for arbitration**, and hereby preserves all constitutional and statutory rights to due process, discovery, and adjudication before this Court.

## VI. CAUSES OF ACTION

### COUNT I – WRONGFUL REPOSSESSION / CONVERSION

26. Plaintiff realleges paragraphs 1–25.
27. Defendants repossessed Plaintiff's vehicle **without lawful authority, valid lien perfection, or proper notice**, constituting **conversion** and **wrongful repossession** under **UCC §9-625(a) and Florida common law**.
28. Defendants' refusal to return Plaintiff's property or allow access to her personal belongings constitutes theft and conversion.

**Damages:** $15,000 plus compensatory damages for loss of use and deprivation of property.

## COUNT II – BREACH OF PEACE (Fla. Stat. §679.609)

29. Defendants, acting through their agent **ABS Recovery Incorporated**, entered Plaintiff's private residential property **between approximately 2:30 a.m. and 3:00 a.m.**, without prior notice, consent, or lawful authorization, and seized Plaintiff's vehicle while she was asleep. Plaintiff was **abruptly awakened by an alert from the Mazda mobile application indicating that the vehicle door had been unlocked**, and upon immediately going outside to contest the repossession, discovered that the vehicle had already been removed.
30. The repossession was conducted **without Plaintiff's knowledge or consent** and by a party—ABS Recovery Incorporated—with whom Plaintiff has **no contractual relationship or privity of agreement**. Plaintiff did not, and would not, consent to that entity entering her property or taking possession of her vehicle or personal belongings. The conduct described above constituted a **breach of the peace**, a violation of Plaintiff's **quiet enjoyment of her property**, and caused **substantial emotional distress**, including fear, anxiety, and loss of sleep.
31. Defendants further breached the peace by **refusing to return Plaintiff's personal belongings contained within the vehicle**, and by conditioning their release on full payment of an alleged default balance, in direct violation of **Fla. Stat. § 493.6404(2)** and contrary to **Mazda Financial Services' own customer notice**, which expressly permits retrieval of personal property regardless of reinstatement status.
32. These actions collectively constitute an **unlawful repossession, trespass, and wrongful deprivation of property** in violation of Florida law and U.C.C. § 9-609(b)(2), and represent a willful disregard for Plaintiff's statutory and property rights.
**Damages:** Plaintiff seeks **$15,000** in statutory and compensatory damages for the unlawful breach of peace, emotional distress, and interference with her property rights.

## COUNT III – BREACH OF CONTRACT / FAILURE OF CONSIDERATION

33. Plaintiff realleges paragraphs 1–25.
34. Defendants have not demonstrated actual funding or lawful standing to enforce the retail installment contract, resulting in a **failure of consideration** and rendering the contract **unenforceable**.
**Damages:** rescission of contract, cancellation of lien, and return of title.

## COUNT IV – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692f(6))

35. Defendants attempted to take property **without present right to possession**, misrepresented ownership, and continued to collect while the debt was under dispute.
**Damages:** statutory damages under FDCPA plus costs and attorney's fees.

## COUNT V – UNJUST ENRICHMENT / FRAUDULENT MISREPRESENTATION

34. Defendants knowingly and falsely represented that the sum of **$40,507.99** was lawfully advanced on Plaintiff's behalf under the subject retail installment contract yet have failed and refused to produce **any documentary proof of actual disbursement**, accounting entries, or valid consideration to support such representation.
35. Defendants received and retained the benefits of the alleged transaction, including payments and proceeds from repossession and collection activities, **without possessing lawful standing, verified accounting, or proof of value given.**
36. As a direct and proximate result of Defendants' conduct, Plaintiff conferred a benefit upon Defendants that would be inequitable for them to retain, as the transaction lacked valid consideration and was induced through **material misrepresentation and nondisclosure.**

    **Damages:** Plaintiff seeks **restitution in the amount of $40,507.99**, representing the alleged disbursement Defendants claimed but failed to prove, together with the **return of all payments remitted by Plaintiff** under the purported contract, plus costs, interest, and any other relief deemed just and proper.

## COUNT VI – NEGLIGENCE / FAILURE TO SUPERVISE AGENT

37. TMCC and Mazda Financial negligently entrusted repossession authority to ABS Recovery Incorporated without verifying compliance with Florida repossession laws, resulting in damage to Plaintiff.
    **Damages:** compensatory damages for losses sustained.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.
39. Defendants engaged in **extreme and outrageous conduct** by unlawfully seizing Plaintiff's vehicle, refusing to disclose its location or permit retrieval of personal belongings, and threatening to sell the vehicle while the alleged debt remained in dispute and without lawful authority to do so.
40. Defendants' actions were intentional, reckless, and performed with a conscious disregard for Plaintiff's rights and emotional well-being.
41. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered **severe emotional distress, including anxiety, panic attacks, insomnia, humiliation, mental anguish, and family strain,** resulting in substantial disruption to her daily life and employment.

    **Damages:** Plaintiff seeks compensatory damages for **emotional distress, mental anguish, and related suffering,** together with such further relief as this Court deems just and proper.

## VII. DAMAGES

42. Plaintiff has sustained substantial economic and non-economic damages as a direct and proximate result of Defendants' unlawful conduct, as follows:

| Category | Amount |
| --- | --- |
| Certified Mail / Overnight Mail Postage Costs | $250 |
| Printing, Copies, and Supplies | $150 |
| Lost Wages / Time Preparing Disputes (85 hours × $125/hr) | $10,625 |
| Lost Job Opportunities | $20,000 |
| Emotional Distress and Mental Anguish | $14,000 |
| Statutory Damages (FDCPA, FCRA, UCC Violations) | $20,000 |
| Wrongful Repossession / Breach of Peace | $15,000 |
| Restitution – Unproven Disbursement of Loan Proceeds ($40,507.99) | $40,507.99 |
| Restitution – Return of Monthly Payments ($665.71 × 12 months) | $7,988.52 |
| **TOTAL DAMAGES** | **$128,521.51** |

## Adjustment for Pleading Cap

To maintain jurisdictional propriety and reasonableness, Plaintiff limits her damages demand to **$99,500.00**, representing the fair, equitable, and compensatory value of the harms suffered, inclusive of restitution, statutory damages, emotional distress, and related economic loss

## VIII. RELIEF REQUESTED

**WHEREFORE**, Plaintiff, **Sofia L Gonzalez**, respectfully requests that this Honorable Court enter judgment in her favor and grant the following relief:

1. **Temporary and Permanent Injunctive Relief** enjoining Defendants, and all persons acting on their behalf, from selling, transferring, auctioning, or otherwise disposing of Plaintiff's vehicle pending final adjudication of this matter.
2. **Order of Return** directing Defendants to immediately return possession of Plaintiff's vehicle and all personal property contained therein.
3. **Declaratory Judgment** declaring that the repossession of Plaintiff's vehicle was unlawful, that Defendants lacked standing and lawful authority to enforce the alleged debt, and that any lien or security interest is void and unenforceable.
4. **Monetary Judgment** awarding Plaintiff damages in the amount of **$99,500.00**, inclusive of compensatory, statutory, restitutionary, and punitive damages as permitted by law.
5. **Cancellation of Lien and Release of Title**, directing Defendants and any related financial institution to release all claims, liens, and encumbrances against the subject vehicle and restore clear title to Plaintiff.

6. **Award of Costs and Equitable Relief**, including court costs, interest, and any further relief deemed just, proper, and equitable under the circumstances.

## IX. Declaratory Relief on Arbitration Clause:

Plaintiff respectfully seeks a judicial declaration pursuant to **Chapter 86, Florida Statutes**, that the **Arbitration Provision** contained within the Retail Installment Contract is **void, unconscionable, and unenforceable** as a matter of law.

Defendants' contract was induced by misrepresentation, executed without full disclosure or lawful consideration, and subsequently breached through the exercise of self-help repossession and collection activities **prior to invoking arbitration**, thereby constituting a **waiver and forfeiture** of any right to compel arbitration under both **Florida law** and the **Federal Arbitration Act (9 U.S.C. § 2)**.

Plaintiff therefore requests that this Court **declare the Arbitration Provision null and void**, deny or strike any motion by Defendants seeking to compel arbitration, and affirm Plaintiff's constitutional and statutory right to due process and judicial determination of all claims raised herein.

## X. EMERGENCY MOTION FOR TEMPORARY INJUNCTION

Plaintiff realleges and incorporates by reference paragraphs 1 through 42 as though fully set forth herein.

Immediate and irreparable harm will result if Defendants proceed with the planned sale or transfer of Plaintiff's vehicle, a **2024 Mazda Mazda3 2.5, VIN 3MZBPACM0RM416131**, currently scheduled for **October 15, 2025**. The sale would destroy critical evidence, deprive Plaintiff of her lawful property, and render this action moot before adjudication on the merits.

Plaintiff has demonstrated a substantial likelihood of success on the merits of her claims for wrongful repossession, breach of peace, and lack of lawful standing, as Defendants have failed to produce any verified proof of ownership, lawful assignment, or compliance with the notice requirements of U.C.C. §§ 9-611 through 9-614 and Fla. Stat. § 679.609.

The balance of equities strongly favors maintaining the status quo. No harm will befall Defendants by preserving the vehicle, whereas Plaintiff faces irreparable injury through loss of her primary transportation, continued deprivation of her personal belongings, and the destruction of material evidence.

Accordingly, Plaintiff respectfully requests that this Court:

1. **Set an emergency hearing** pursuant to **Rule 1.610, Florida Rules of Civil Procedure**;
2. **Issue a temporary injunction** immediately halting any sale, auction, or transfer of the subject vehicle; and

3. **Order Defendants to preserve and maintain** the vehicle and all personal property therein pending further order of the Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon all Defendants by Certified Mail and/or electronic service this 15TH day of October, 2025.

FORT MYERS M AUTOMOTIVE MANAGEMENT, LLC d/b/a MAZDA OF FORT MYERS
Legal Department
2850 Colonial Blvd, Fort Myers, FL 33966
7021 1970 0001 8186 7149

Mazda Financial Services
Legal Department
6400 Main ST, Suite 200Amherst, New York 14221
7021 1970 0001 8186 7156

Toyota Motor Credit Corporation (TMCC)
Compliance Department / Legal Department
6565 Headquarters Drive, Plano, TX 75024
7021 1970 0001 8186 7163

ABS RECOVERY INCORPORATED
RHONDA MCNUTT
5886 ENTERPRISE PKWY, FORT MYERS, FL 33905
7021 1970 0001 8186 7170

Respectfully submitted,

*/s/ Sofia L Gonzalez*

**Sofia L Gonzalez**
**Pro Se Plaintiff**
439 Eisenhower Blvd
Lehigh Acres, FL 33974
Phone: (239) 738-9781
Email: SOFIA@AFFLUENCEMEDIAAGENCY.COM