UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SOFIA L. GONZALEZ,

    Plaintiff,

v.

FORT MYERS M AUTOMOTIVE MANAGEMENT, LLC, MAZDA FINANCIAL SERVICES, TOYOTA MOTOR CREDIT CORPORATION, ABS RECOVERY SERVICE INCORPORATED,

    Defendants.

Case No. 2:25-cv-930-KCD-DNF

## ORDER

Plaintiff Sofia Gonzalez bought a car from Defendant Fort Myers M Automotive Management, LLC. It has since been repossessed, and according to Gonzalez, without lawful authority. She now sues several defendants for conversion and violating the Fair Debt Collection Practices Act. (Doc. 1.)

Before the Court is Gonzalez's Emergency Motion for Temporary Restraining Order and Injunction. (Doc. 4.) She seeks an order "halting any sale, auction, transfer or disposition of [her] vehicle." (*Id.* at 2.)[1] Apparently, "Defendants have scheduled the vehicle for sale or auction on October 15, 2025." (*Id.* at 1.)

---

[1] Gonzalez's motion is not paginated, so the Court cites to the page numbers generated by its electronic filing system.

To obtain a temporary restraining order, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016). Additionally, a court may issue injunctive relief without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

For starters, Gonzalez has not satisfied the procedural requirements needed for a temporary restraining order. There is no certification of any efforts made to provide notice of the motion or the reasons why notice should be excused. "So the Court denies the motion." *Colella v. Rogers*, No. 5:25-CV-293-SPC-PRL, 2025 WL 1370200, at *1 (M.D. Fla. May 12, 2025).

2

Gonzalez has likewise failed to show irreparable injury. She claims her car will be sold without an injunction. But monetary relief can remedy this injury. Gonzalez is not claiming her car is unique or has other intrinsic value. So she can be made whole through damages should she prevail. "An injury is irreparable only if it cannot be undone through monetary remedies." *See More Auto. Prods., Inc. v. Dollar Rent a Car, Inc.*, No. 2:24-CV-457-SPC-NPM, 2024 WL 3203179, at *5 (M.D. Fla. June 27, 2024).

**ORDERED** in Fort Myers, Florida on October 15, 2025.

Kyle C. Dudek
United States District Judge